## TOM PAGE V. THE STATE.

No. 23117. Delivered May 2, 1945.
Rehearing Denied June 20, 1945.

The opinion states the case.

*J. K. Russell,* of Cleburne, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted on a charge of burglary and his punishment assessed at two years' confinement in the penitentiary.

The record is before us without a statement of facts or bills of exception. The procedure appears to be regular and nothing is presented for the consideration of this Court.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

On a former day of this term of court, we affirmed the judgment of the trial court because there were no bills of exception in the record nor a statement of facts accompanying the same. Since then appellant has filed a statement of facts and a bill of exception. By way of a motion for rehearing he requests that the same be considered, the judgment of affirmance be set aside and the cause be reversed and remanded. Article 760, C.C.P., provides that a statement of facts must be filed within ninety days, and a bill of exception within thirty days, from the date of the overruling of the motion for new trial and the giving of notice of appeal. The statement of facts in this instance was filed within the time prescribed by law but the bill of exception, which was filed on the same day, was not filed within due time, and no order of the court extending the time beyond the thirty-day period in which to file the same appears in the record. Therefore, the statement of facts will be considered in order to determine whether or not the evidence adduced upon the trial is sufficient to sustain his conviction, but the bill of exception cannot be considered.

The evidence adduced upon the trial, together with appellant's voluntary confession, as the same appears in the record, is sufficient to sustain the conviction. Furthermore, appellant took the witness stand and testified, among other things, that he had not theretofore been convicted of a felony in this or any other state, but he did not deny the commission of the offense for which he was then on trial. On cross-examination he admitted that about four months prior thereto he was convicted for the theft of some millet; that he was also under indictment for burglary committed about ten days prior to the commission of this offense. Under the facts thus developed, the jury declined to recommend a suspension of the sentence.

We deem the evidence sufficient to sustain the judgment of conviction. Therefore, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.